**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GARY YATES and** | : | No. 3:15cv1505 |
| **CHRISTINA MARIE YATES,** | : | |
| **Plaintiffs** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL THIEL and DANIEL** | : | |
| **COULTHARD,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**<u>MEMORANDUM</u>**

Before the court for disposition is Defendant Daniel Coulthard's motion to dismiss plaintiffs' case as to him. The matter has been fully briefed and is ripe for disposition.

**Background**

Carbondale Pennsylvania Police Officer Patrick Lawler arrested Plaintiff Gary Yates on April 21, 2014. He charged him with disorderly conduct, terroristic threats, public drunkenness, and criminal mischief. (Doc. 12, Am. Compl. ¶¶ 9-11). Plaintiff Gary Yates alleges that authorities transported him to the police station and placed in a small room, with the door open. He was seated on a metal bench with his legs shackled to a loop on the floor and his hands handcuffed behind his back. (Id. ¶¶ 15-16).

Defendant Coulthard, a Patrolman with the Carbondale Police Force, entered the detainment area and closed the door behind him.  He pointed his finger in plaintiff's face and yelled at him.  (Id. ¶ 20).  Then, according to the plaintiff, Defendant Thiel entered the room and struck plaintiff several times with his hand and with an expandable metal baton.  (Id. ¶¶ 21-25).  He also allegedly choked plaintiff and pushed the plaintiff causing plaintiff's head to bump into the wall.  (Id. ¶¶ 31-32).  Defendant Coulthard next left the room leaving plaintiff alone with Defendant Thiel.  (Id. ¶ 33).

Video surveillance captured the initial portions of the alleged beating, but plaintiff alleges that more occurred than the video surveillance captured.  (Id. ¶ 38).  Plaintiff asserts that during the attack Defendant Coulthard did nothing to protect him from Defendant Thiel.  (Id. ¶ 39).

Plaintiff claims that the attack caused him to suffer, and to continue to suffer, injuries to his head, neck, legs and various other physical and emotional injuries.  (Id. ¶ 45).  Plaintiff's wife, Cristina Marie Yates alleges that she suffers from the loss of services of her husband.  (Id. ¶ 46).

Based upon these facts, plaintiffs filed the instant lawsuit asserting the following seven causes of action: Count I, unreasonable use of force under 42 U.S.C § 1983 (hereinafter "section 1983") against Paul Thiel;

2

Count II, excessive force claim under section 1983 against Daniel

Coulthard;[1] Count III, assault and battery against Paul Thiel;  Count IV,

negligent infliction of emotional distress against Paul Thiel; Count V,

negligent infliction of emotional distress against Daniel Coulthard; Count

VI, punitive damages against Paul Thiel; and Count VII, Christina Marie

Yates' claim for loss of consortium against both defendants.

Defendant Coulthard has filed a motion to dismiss the claims against

him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The

parties have briefed their respective positions and the matter is ripe for

disposition.

**Jurisdiction**

As this case is brought pursuant to section 1983 for constitutional

violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts

shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States.").  We have

supplemental jurisdiction over the plaintiffs' state law claims of negligent

---

[1]The heading for Count II identifies it as a claim for a violation of substantive due process.  The body of the count, however, sets forth a claim for excessive force under the Fourth and Fourteenth Amendments to the United States Constitution and the Pennsylvania constitution.   For clarity we will refer to it as the "excessive force" claim.

infliction of emotional distress and loss of consortium against Defendant

Coulthard pursuant to 28 U.S.C. § 1367.

**Legal Standard**

This case is before the court pursuant to Defendant Daniel

Coulthard's (hereinafter "defendant")[2] motion to dismiss for failure to state

a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure.  When a 12(b)(6) motion is filed, the

sufficiency of the allegations in the complaint is tested.  Granting the

motion is appropriate if, accepting as true all the facts alleged in the

complaint, the plaintiff has not pleaded "enough facts to state a claim to

relief that is plausible on its face," or put another way, "nudged [his or her]

claims across the line from conceivable to plausible."  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly

to require the plaintiff (in this case, the defendant/counterclaim plaintiff) to

describe "enough facts to raise a reasonable expectation that discovery will

reveal evidence of" each necessary element of the claims alleged in the

complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.

---

[2]As only one defendant has filed a motion to dismiss, for purposes of convenience we will use "defendant" as shorthand to refer to Defendant Daniel Coulthard.  When we refer to Defendant Paul Thiel we will use his name.

2008) (quoting <u>Twombly</u>, 550 U.S. at 556).  Moreover, the plaintiff must

allege facts that "justify moving the case beyond the pleadings to the next

stage of litigation."  <u>Id.</u> at 234-35.

**Discussion**

Defendant Coulthard's motion addresses each of the claims that the

complaint asserts against him.  These claims are: Count II, excessive

force; Count V, negligent infliction of emotional distress; and Count VII,

loss of consortium.  We will discuss each separately.

**I.  Count II**

Count II of plaintiffs' Amended Complaint asserts a cause of action

for the use of excessive force against plaintiff.   (Doc. 12, Am. Compl. ¶¶

55-61).   Plaintiff pursues this count pursuant to section 1983, which, in

pertinent part, provides as follows:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity or
> other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Thus, to establish a claim under section 1983, two criteria must be

met.  First, the conduct complained of must have been committed by a person acting under color of state law.  Second, the conduct must deprive the complainant of rights secured under the Constitution or federal law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).

In the instant case, as defendant was acting as a police officer, no question exists but that he was a state actor.  Regarding the second element of a section 1983 action, plaintiffs allege a violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Pennsylvania Constitution.  (Doc. 12, Am. Compl. ¶ 59).  The complaint avers "Coulthard acted with deliberate indifference when he did absolutely nothing to stop the unnecessary, unwarranted and excessive force used by Defendant Thiel in beating Plaintiff."  (Id. ¶ 57).  Defendant moves to dismiss Count II to the extent that it asserts any Fourth Amendment excessive force claim, a separate Fourteenth Amendment claim or Pennsylvania constitutional claim.  We will address them separately.

### A.  Fourth Amendment

Plaintiff claims that Defendant Thiel used constitutionally excessive force upon him while he was in police custody.  "[A] free citizen's claim that

law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person  . . .  [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1989).  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion of the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Id. at 396 (quoting Tennessee v. Garner, 471 U.S. 1, 8 (1985)).

To evaluate whether force was excessive, the "court must determine the objective 'reasonableness' of the challenged conduct, considering 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" Couden v. Duffy, 446 F.3d 483, 497 (3d Cir. 2006) (quoting Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004)).  Among other factors considered by the court are "'the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the

police officers must contend at one time.'" Id. (quoting Sharrar v. Felsing,

128 F.3d 810, 822 (3d Cir. 1997)).  Because police officers must often

make split-second decisions in tense situations, courts consider events

from " 'the perspective of a reasonable officer on the scene.'"  Id. (quoting

Graham, 490 U.S. at 397).

In the instant case, plaintiff does not allege that the moving

defendant actually physically struck him and administered excessive force.

Rather, plaintiff alleges that the defendant stood by and failed to intervene

as Defendant Thiel mistreated him.  A plaintiff may establish such a claim

where one officer employs excessive force and another, who is there,

whether supervisory or not, fails or refuses to intervene.  Smith v.

Mesinger, 293 F.3d 641, 650 (3d Cir. 2002).  "However, an officer is only

liable if there is a realistic and reasonable opportunity to intervene."  Id. at

651.

Defendant Coulthard argues that the Amended Complaint fails to

allege that he had a realistic and reasonable opportunity to intervene, and

therefore, it should be dismissed.  We disagree.

The determination of whether or not defendant had the opportunity to

intervene is highly factual.  The Amended Complaint asserts that

defendant was present at the time of the alleged excessive force, and that

Defendant's Thiel's battery was more than one blow.  (Doc. 12, Am. Comp.

¶¶ 20-25).  Thiel also allegedly pushed plaintiff's head so that it hit the wall

and choked him.  (Id. ¶¶ 31-32).  It can be inferred from these allegations

that the beating went on for a period of time- perhaps long enough for

Defendant Coulthard to have intervened.  We find that the facts alleged are

sufficient to state a cause of action at the motion to dismiss stage.

Because it is fact sensitive, the argument regarding whether or not

Defendant Coulthard had a reasonable and realistic opportunity to

intervene may best left to the summary judgment stage or trial.  Therefore,

this portion of the motion to dismiss will be denied.

### B.  Fourteenth Amendment claim

Defendant next challenges Count II to the extent that it alleges a

Fourteenth Amendment equal protection claim.  Plaintiff's brief, however,

clarifies that he does not seek to pursue a Fourteenth Amendment equal

protection claim.  (Doc. 17, Pl.'s Opp'n Br. at 6-7).  This portion of the

motion will thus be denied as moot.

### C.  Pennsylvania state constitution

Count II of the Amended Complaint also alleges that defendant

violated plaintiff's rights, privileges and immunities under the

Commonwealth of Pennsylvania Constitution and seeks compensatory and

punitive damages for the violation.  (Doc. 12, Am. Compl. ¶¶ 59-60).  The

law provides, however, that claims for monetary relief are not cognizable

under the Pennsylvania Constitution.   Pocono Mtn.Charter Sch. v. Pocono

Mtn. Sch. Dist., 442 F. App'x 681, 688 (3d Cir. 2011).   This claim, will thus

be dismissed.

Accordingly, plaintiffs' Fourth Amendment excessive force claim will

proceed to discovery.  We will, however, dismiss the Pennsylvania

constitutional claim and any separate Fourteenth Amendment claim found

in the Amended Complaint.

## II. Negligent Infliction of Emotional Distress

Defendant next seeks to dismiss Count V of the Amended Complaint

which sets forth a cause of action for negligent infliction of emotional

distress against him.  (Doc. 12, Am. Compl. ¶¶ 73-80).   Defendant claims

that the Pennsylvania Political Subdivision Tort Claims Act provides that he

cannot be held liable for this tort.  In other words, defendant argues the

defense of official immunity.  After a careful review, we agree.

Pennsylvania law supplies official immunity as follows:  An employee

of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter. 42 PA. CONS. STAT. ANN. § 8545. Here defendant is employed as a police officer for the Carbondale, Pennsylvania, Police Department. (Doc. 12, Am. Compl. ¶ 7). Carbondale is a local agency under Pennsylvania law, thus we must determine the immunity available to a local agency in this situation.[3]

For a local agency to be held liable for negligence, such as negligent infliction of emotional distress, the following three conditions must be met:

> First, the damages must be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under 42 Pa.C.S. § 8541. Second, the injury must have been caused by the negligent acts of the local agency or an employee of the local agency acting within the scope of his or her office or duties. Finally, the negligent action must fall within one of the exceptions to governmental immunity set forth in 42 Pa. C.S. § 8542(b).

Simko v. Cty. of Allegheny, 869 A.2d 571, 574 (Pa. Commw. Ct. 2005)

---

[3]Under Pennsylvania law the city of Carbondale, Pennsylvania is deemed a "local agency." Simko v. Cty. of Allegheny, 869 A.2d 571, 573 (Pa. Commw. Ct. 2005).

(footnote and internal citation omitted).

The eight (8) exceptions to official immunity include: 1) vehicle liability; 2) care, custody or control of personal property; 3) real property; 4)trees, traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) sidewalks and 8) care, custody or control of animals.

The parties do not dispute any of the initial three steps to official immunity.  The damages are recoverable under the common law, the injury was caused by someone not having a defense under 42 Pa. C.S. § 8541, and none of the eight exceptions to official immunity applies.  Thus, it appears at this stage of the analysis that official immunity shields defendant from liability.

One last step, however, is present for us to determine the immunity issue because an exception to the immunity statute exists.  If someone would generally be immune they can still be held liable, if he engaged in actions that were criminal, fraudulent, malicious, or wilful misconduct.  42 PA. CONS. STAT. ANN. § 8550.   In other words, if immunity would generally apply under section 8542, this immunity is abrogated if the defendant acted criminally, fraudulently, maliciously or wilfully.  Here, the complaint alleges that defendant acted "negligently" in inflicting emotional distress, not

maliciously, willfully, criminally or fraudulently.  Thus, this exception to immunity is inapplicable.  Hence, governmental immunity shields defendant from liability for Count V, negligent infliction of emotional distress.  See Heckensweiler v. McLaughlin, 517 F. Supp. 2d 707, 720-21 (E.D. Pa. 2007) (dismissing negligent infliction of emotional distress claims against two township police officers based on official immunity and reasoning that the willful misconduct exception cannot apply to acts of negligence).  Therefore, we will dismiss count V.

## III. Loss of consortium

Count VII of the complaint asserts a loss of consortium claim on behalf of Christina Marie Yates, Plaintiff Gary Yates wife, which is derivative of Gary Yates' claims.  (Doc. 12, Pl.'s Am. Compl. ¶¶ 86-87).  Specifically, the complaint alleges due to the injury that Plaintiff Gary Yates suffered, Plaintiff Christina Marie Yates "has lost and is continuing to lose the companionship, society and services of her husband and will continue to lose said society and services from the time of each Defendants' tortuous conduct up to and including the present."  (Id. ¶ 87).  She seeks compensatory damages, court costs, attorneys' fees and "all other relief permitted by the Court."  (Id.)

Defendant moves to dismiss the loss of consortium claim on the basis that recovery for a constitutional violation under section 1983 does not support a loss of consortium claim.   Plaintiff concedes that "there is no authority to permit spousal recovery for loss of consortium based on violations of the other spouse's civil rights[.]"  (Doc. 17, Pl.'s Br. at 10). We agree that the section 1983 case does not support the derivative loss of consortium claim.  Verde v. City of Phila., 862 F. Supp. 1329, 1337 n.5 (E.D. Pa. 1994).  Therefore, we will dismiss the loss of consortium claim against Defendant Coulthard.[4] .

**Conclusion**[5]

Based upon the above reasoning, defendant's motion to dismiss will be granted in part and denied in part.  It will be granted with respect to the Fourteenth Amendment equal protection claim, the Pennsylvania state

---

[4]The only other claim that could potentially support the loss of consortium cause of action is the negligent infliction of emotional distress claim.  We have determined, however, that the emotional distress claim should be dismissed.

[5]Defendant seeks to have the claims dismissed "with prejudice" to preclude plaintiffs from filing a second Amended Complaint.  Plaintiffs request the opportunity to file a second Amended Complaint if we grant defendant's motion to dismiss.  As we are only partially granting the motion to dismiss, and as after reviewing our memorandum plaintiffs may reconsider the need to file a second Amended Complaint, we will not rule at this time on the propriety of filing a second Amended Complaint.

14

constitutional claim, the negligent infliction of emotional distress claim and the loss of consortium claim.  It will be denied with respect to the section 1983/Fourth Amendment excessive force claim.  Accordingly, the case will proceed with regard to Defendant Daniel Coulthard solely on the excessive use of force claim.  An appropriate order follows.


**Date: <u>May 18, 2016</u>**                    **<u>s/ James M. Munley</u>**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **UNITED STATES DISTRICT COURT**